IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

_____

| | | |
|---|---|---|
| JARVIS EDMOND CARTER, | ) | Cause No. CV 07-09-BLG-RFC-CSO |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| YELLOWSTONE COUNTY; DENNIS | ) | |
| PAXINOS; STEVEN BABCOCK; | ) | |
| MARGARET GALLAGHER; | ) | |
| HONORABLE G. TODD BAUGH; | ) | |
| JOHN BOYD, | ) | |
| | ) | |
| Defendants. | ) | |

_____

On January 16, 2007, Plaintiff Jarvis Carter filed a complaint under 42 U.S.C. § 1983 alleging violations of his civil rights. Carter is a state prisoner proceeding pro se.

**I. Preliminary Screening**

Pursuant to the federal statutes governing proceedings in forma pauperis and proceedings by prisoners, federal courts must engage in a preliminary screening of cases to assess the merits of the claims. 28 U.S.C. §§ 1915(e)(2), 1915A(a); 42 U.S.C. § 1997e(c)(1); *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). The court must identify cognizable claims, or dismiss the complaint,

or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted, or if the complaint seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1).

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez*, 203 F.3d at 1127. The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)). Additionally, the courts must liberally construe pro se pleadings. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

**II. Carter's Allegations**

Carter contends that, on or about March 4, 2003, a petition to revoke his probation was filed. The petition alleged that Carter had been arrested on February 19, 2003, on a felony charge of forgery – the same offense for which he was on probation. He pled guilty to the new forgery charge on September 23, 2003. Sentencing was set for November 10, 2003. At the sentencing hearing, he was not only sentenced for the new crime, but his probation was also revoked without a hearing specifically addressing the petition to revoke. Carter claims that his right to due process was violated and that the Montana Supreme Court's decision holding that no violation occurred was itself unconstitutional. *See* Compl. (doc. 1) at 3-5, 8-9.

For his relief, Carter seeks compensatory damages and an injunction prohibiting citation of the Montana Supreme Court's decision in his case. *Id*. at 11.

**III. Analysis**

While Carter probably faces several procedural bars, it is clear that his Complaint fails on the merits.

In *Morrissey v. Brewer*, 408 U.S. 471 (1972), the United States Supreme Court held that parolees have a liberty interest in the continuation of their parole and, therefore, that procedures designed to protect the integrity of a revocation decision must be observed. The Court discussed a sequence of two hearings that would adequately protect a parolee's rights. The first is a preliminary hearing to establish probable cause, and the second is the final revocation hearing. *See Morrissey*, 408 U.S. at 485; *Gagnon v. Scarpelli*, 411 U.S. 778, 785-86 (1973) (applying *Morrissey* to probationer) ("Both the probationer or parolee and the State have interests in the accurate finding of fact and the informed use of discretion . . . . It was to serve all of these interests that *Morrissey* mandated preliminary and final revocation hearings.").

However, many federal courts of appeal, including the Ninth Circuit, have noted that "*Morrissey* does not contain an absolute requirement that there be two hearings, rather than one, when the formal on-site parole revocation hearing is promptly held and fully satisfies the due process requirements enunciated in that case." *Pierre v. Washington State Bd. of Prison Terms and Paroles*, 699 F.2d 471, 473 (9th Cir. 1983). Here, of course, Carter does not claim that his revocation proceedings were not prompt; in fact, he argues that they should have taken longer than they did. The gravamen of his Complaint is that he might have obtained a better deal from the prosecution –

that is, a concurrent rather than a consecutive sentence – if his probation had not been revoked and imprisonment reimposed at the same time that he was sentenced for the new crimes. *See* Compl. at 10. A chance to make a deal, however, is no part of the requirements of due process. *Morrissey* reasons that "[t]he parolee must have an opportunity to be heard and to show, if he can, that he did not violate the conditions, or, if he did, that circumstances in mitigation suggest that the violation does not warrant revocation." *Morrissey*, 408 U.S. at 487. Carter says that his arrest for felony forgery was the basis for the petition to revoke; he does not deny that he was arrested and, moreover, he admitted that he committed the new offense charged against him. Thus, there was no possibility that he could show he did not violate the conditions of his probation. *See Moody v. Daggett*, 429 U.S. 78, 86 n.7 (1976) ("where petitioner has already been convicted of ... a subsequent offense . . . . the subsequent conviction obviously gives the parole authority probable cause . . . to believe that the . . . parolee has committed acts that would constitute violation of parole conditions.").

The only question was whether his violation warranted revocation. That question was decided at the November 10 hearing, where Carter was represented by counsel and had an opportunity to be heard. He does not claim that he was deprived of an opportunity to present evidence or argument to the judge. His complaint that he might have gotten a deal if the matter had been handled differently is merely speculative and does not constitute a legally cognizable injury. The Complaint should be dismissed with prejudice for failure to state a claim on which relief may be granted.

Based on the foregoing, the Court enters the following:

**RECOMMENDATION**

1.  Carter's Complaint (doc. 1) should be DISMISSED WITH PREJUDICE for failure to state a claim on which relief may be granted.

2.  The docket should reflect that Carter's filing of this action counts as one strike, pursuant to 28 U.S.C. § 1915(g), for failure to state a claim on which relief may be granted.

3.  Pursuant to Fed. R. App. P. 24(a)(3), the district court should CERTIFY that any appeal from this action would be taken in bad faith.

The Clerk of Court shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the Plaintiff. Plaintiff is advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed or delivered to prison authorities for mailing within twenty (20) calendar days[1] after the entry date reflected on the Notice of Electronic Filing, or objection is waived.

<u>Plaintiff must immediately inform the Court of any change in his mailing address.</u>

DATED this <u>13th</u> day of April, 2007.

/s/ Carolyn S. Ostby
Carolyn S. Ostby
United States Magistrate Judge

---

[1] In prisoner cases, this Court extends the time to object to twenty days in order to take into account the somewhat greater mailing time that is involved in sending documents into and out of a prison facility.