```
                                                    FILED
                                                 BILLINGS DIV.

           IN THE UNITED STATES DISTRICT COURT  2007 MAY 25  PM 12 57

               FOR THE DISTRICT OF MONTANA   PATRICK E. DUFFY, CLERK
                                              BY _____
                   BILLINGS DIVISION              DEPUTY CLERK
```

| | | |
|---|---|---|
| JARVIS EDMOND CARTER, | ) | CV-07-09-BLG-RFC |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | ORDER ADOPTING FINDINGS |
| YELLOWSTONE COUNTY; DENNIS | ) | AND RECOMMENDATION OF |
| PAXINOS; STEVEN BABCOCK; MARGARET | ) | U.S. MAGISTRATE JUDGE |
| GALLAGHER; HONORABLE G. TODD | ) | |
| BAUGH; JOHN BOYD, | ) | |
| | ) | |
| Defendants. | ) | |

On April 13, 2007, United States Magistrate Judge Carolyn S. Ostby entered her Findings and Recommendation. (*Doc. 7*). Magistrate Judge Ostby makes the following recommendations:

(1) Carter's Complaint (*Doc. 1*) should be dismissed with prejudice for failure to state a claim on which relief may be granted;

(2) the docket should reflect that Carter's filing of this action counts as one strike, pursuant to 28 U.S.C. § 1915(g), for failure to state a claim on which relief may be granted; and

(3) Pursuant to Fed. R. App. P. 24(a)(3), the district court should certify that any appeal from this action would be taken in bad faith.

Upon service of a magistrate judge's findings and recommendation, a party has 10 days to file written objections. 28 U.S.C. § 636(b)(1). However, in prisoner cases, this Court extends the time to object to twenty days in order to take into account the somewhat greater mailing time

1

that is involved in sending documents into and out of a prison facility. On April 23, 2007, Carter filed a document titled "Notice to Dismiss Pursuant to Fed. R. Civ. P. 41(a)(1)(i) (With Objections Included)." *Doc. 8*. Plaintiff's objection requires this Court to make a *de novo* determination of those portions of the Findings and Recommendations to which objection is made. 28 U.S.C. § 635(b)(1).

If Judge Ostby's recommendation is adopted, the strike will be Carter's third in this District. *See Carter v. Boyd et al.*, Cause No. CV 05-160-BLG-RFC-RWA (D. Mont. strike assessed May 5, 2006); *Carter v. Thomas, et al.*, Cause No. CV 06-06-H-DWM-CSO (D. Mont. strike assessed Oct. 19, 2006).

Carter asks the Court both to consider his objections and to dismiss the action on his motion. "Clearly, to accept this argument would provide an avenue for prisoners to effectively circumvent the three-strikes provision." *Smith v. District of Columbia*, 182 F.3d 25, 28 (D.C. Cir. 1999). If a prisoner is permitted to dismiss his case after a magistrate judge recommends dismissal and assessment of a strike, the three-strikes provision would quickly become a dead letter.

Congress intended the Prison Litigation Reform Act ("PLRA"), which contains the three-strikes provision, to "reduce the quantity and improve the quality of prisoner suits." *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The three-strikes provision should be applied with that goal in mind. Accepting Carter's notice of dismissal would frustrate Congress's intent. It would also compel this Court to reconsider its manner of handling prisoner litigation. If his case had been handled solely by a district judge, rather than being referred to a magistrate judge for Findings and Recommendation, Carter would not have had an opportunity to avoid a strike by filing a

2

notice of dismissal in response to a judge's recommendation for dismissal. Carter already derives an unusual advantage from his position as a pro se litigant, because he can file a notice of dismissal in response to an order permitting him to amend his pleading to correct deficiencies. *See, e.g., Carter v. Montana Dep't of Corrections, et al.*, Cause No. CV 05-100-GF-SEH-CSO (D. Mont. Nov. 17, 2006) (notice of dismissal filed after Judge Ostby gave Carter a second opportunity to amend). There is no reason to further extend his advantage by permitting him to avoid a strike where his pleading is so weak that amendment could not cure it.

There is precedent supporting a district court's authority to recharacterize prisoner filings in order to honor Congress's intent in enacting the PLRA. For example, in *Carson v. Johnson*, 112 F.3d 818 (5th Cir. 1997), a prisoner filed a petition for habeas corpus. The three-strikes provision does not apply to habeas petitions. The district court recharacterized the petition as a civil action under 42 U.S.C.§ 1983, dismissed it for failure to state a claim, and assessed a strike. The Fifth Circuit affirmed. The smaller step that this Court takes in this case -- disregarding Carter's notice of dismissal but considering the objections contained in the same document -- is likewise consistent with the PLRA.

Having so concluded, the Court now considers Plaintiff's objections, none of which are well-taken. First, Plaintiff objects to all three of Magistrate Judge Ostby's recommendations on the grounds that he "does not wish to have these actions taken against him." Doc. 8, page 2. Plaintiff further suggests the recommendations are "spiteful" and a result of Magistrate Judge Ostby's prejudice against prisoner lawsuits. This is not an objection, but a baseless allegation. This Court does not respond to baseless allegations.

Plaintiff further asserts it was inconsistent for Magistrate Judge Ostby to grant him *in*

*forma pauperis* status (*Doc. 5*), but recommend that his complaint be dismissed as procedurally barred. *Doc. 7*. Plaintiff asserts, without legal citation, that a plaintiff whose case is procedurally barred should never be granted *in forma pauperis* status. Finally, Plaintiff argues Magistrate Judge Ostby's recommendations would not have changed and she would have recommended dismissal of the complaint on procedural grounds even if the case was valid on the merits. First, Plaintiff is correct that a lawsuit which is procedurally barred will be dismissed regardless of its merits. Second, the inquiry with regard to whether a plaintiff is indigent, and thus afforded *in forma pauperis* status is irrelevant to whether a case is valid procedurally or on the merits.

Finally, Plaintiff object's to Magistrate Judge Ostby's legal conclusion that Plaintiff was not entitled to both a formal probation revocation hearing and a separate sentencing hearing. Plaintiff pleaded guilty to forgery while on probation for a prior forgery offense. *Doc. 7, page 2*. Less than two months later, Plaintiff was sentenced on the second forgery conviction. *Id.* During that sentencing hearing, at which Plaintiff was represented by counsel, his probation was revoked on the grounds that he had committed another offense. *Id.* Plaintiff claims (1) his right to procedural Due Process was violated by the single hearing and (2) the Montana Supreme Court's decision that the consolidated hearing was proper under the Due Process Clause was itself unconstitutional. It is clear Plaintiff's believes he could have received a concurrent sentence if he would have been revoked and sentenced in separate proceedings.

Magistrate Judge Ostby correctly notes that the Due Process requires only that "[t]he [probationer] must have an opportunity to be heard and to show, if he can, that he did not violate the conditions, or, if he did, that circumstances in mitigation suggest that the violation does not warrant revocation." *Morrissey v. Brewer*, 408 U.S. 471, 487 (1972); *Gagnon v.*

4

cannot claim that he did not violate the conditions of his probation because he pleaded guilty to a subsequent forgery count. Further, he cannot claim he was not given an opportunity to argue his violation did not warrant revocation because he was afforded a formal hearing and appointed counsel for that hearing. For those reasons, Plaintiff's objections are not well taken.

After a *de novo* review, the Court determines the Findings and Recommendation of Magistrate Judge Ostby are well grounded in law and fact and **HEREBY ORDERS** they be adopted in their entirety, except that the Court will certify that any appeal will be taken in good faith to allow Carter to appeal this Court's denial of his right to dismiss his case after an unfavorable recommendation by the Magistrate Judge.

Accordingly, **IT IS HEREBY ORDERED:**

(1) Plaintiff's Complaint (*Doc. 1*) is **DISMISSED WITH PREJUDICE** for failure to state a claim on which relief may be granted;

(2) the docket will reflect that the filing of this action counts as one strike, his third, pursuant to 28 U.S.C. § 1915(g), for failure to state a claim on which relief may be granted; and

(3) any appeal taken from this action is taken in good faith pursuant to Fed. R. App. P. 24(a)(3).

The Clerk of Court shall notify the parties of the making of this Order and close this case accordingly.

DATED this 25th day of May, 2007.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE